UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>v.<br><br>JOHNNY RAY MILLER,<br><br>                  Defendant. | Case No. 2:25-cr-00250-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Johnny Ray Miller's Notice of Appeal of Order of Detention. Dkt. 18. The Government opposes Miller's motion (Dkt. 23), and Miller filed his reply to that opposition (Dkt. 24). The Court has reviewed the record in this case, including but not limited to the parties' briefs, the transcript of the detention hearing before Chief Magistrate Judge Raymond E. Patricco (Dkt. 17),[1] and the pretrial services report (Dkt. 20). For the reasons discussed below, the Court denies Miller's motion and affirms the Order of Detention Pending Trial (Dkt. 15).

---

[1] Of concern to the Court is the way in which Miller's Counsel interacted with Judge Patricco at certain times during the evidentiary hearing. He was combative, argumentative, and disrespectful. The Court appreciates zealous advocacy and passionate presentation. However, Counsel's conduct went beyond the normal bounds, was inappropriate, and will not be tolerated. Counsel's performance, however, does not affect the Court's decision today. The Court has reviewed the facts and the law and made its determination upon that framework; nothing else.

MEMORANDUM DECISION AND ORDER - 1

## II. BACKGROUND

On August 19, 2025, Miller was indicted on one count of Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 2, and one count of Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). Dkt. 2. The Government filed a Motion for Detention (Dkt. 8) on January 23, 2026, and a detention hearing was scheduled in front of Judge Patricco on February 3, 2026. After hearing the parties' proffers and oral argument, Judge Patricco addressed all the 18 U.S.C. §3142(g) factors and ordered Miller detained pending trial, finding that there are no conditions that could be imposed that would reasonably assure the safety of any other person or the community. On February 10, 2026, Miller appealed the Order of Detention to the undersigned. Dkt. 18.

## III. LEGAL STANDARD

Miller's motion is brought pursuant to 18 U.S.C. § 3145(b), which provides that "if a person is ordered detained by a magistrate judge . . . the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of that order." *See* Fed. R. Crim. P. 59(a). The district court must promptly determine the motion. 18 U.S.C. § 3145(b). A district court reviews the magistrate judge's order de novo. *United States v. Koenig*, 912 F.2d 1190, 1193 (9th Cir. 1990). "[T]he district court is not required to start over in every case" and is not required to "proceed as if the magistrate's decision and findings did not exist." *Id.* Rather, the district court "should review the evidence before the magistrate and make its own independent determination whether the magistrate's findings are correct, with no deference." *Id.* A district court is also not required to hold an

MEMORANDUM DECISION AND ORDER - 2

evidentiary hearing in reviewing a magistrate court's detention order when no new evidence is offered. *Id.* Here, the Court finds an additional evidentiary hearing is not necessary because Miller has offered no new evidence.

## IV. ANALYSIS

The Bail Reform Act, 18 U.S.C. § 3142, governs pretrial confinement and release. The Act mandates a court release a defendant pending trial unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community . . . ." 18 U.S.C. § 3142(e)(1). Generally, the statutory presumption is first in favor of release on personal recognizance or on "an unsecured appearance bond in an amount specified by the court." 18 U.S.C. § 3142(b); *see also United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008).

Some offenses, however, give rise to a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. 18 U.S.C. § 3142(e)(3). Miller was charged with two such offenses—Conspiracy to Distribute Controlled Substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), 846, and 18 U.S.C. § 2, and Distribution of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)—which both carry a statutory maximum penalty exceeding ten years. *See* 18 U.S.C. § 3142(e)(3)(C) (enumerating offenses under the Controlled Substance Act, 18 U.S.C. § 801 *et seq.*, for which a maximum term of imprisonment of ten years or more is prescribed).

If Miller proffers evidence to rebut the presumption, the burden shifts to the Government to prove by "clear and convincing evidence" that detention is warranted. 18

U.S.C. § 3142(f)(2)(B); *Hir*, 517 F.3d at 1086. The presentation of evidence is not limited to sworn testimony and formal exhibits, but the parties can "present information by proffer or otherwise." *See* 18 U.S.C. § 3142(f)(2) ("The rules concerning admissibility of evidence in criminal trials do not apply to the presentation and consideration of information at the [detention] hearing.").

### A.     Rebuttable Presumption

The Ninth Circuit has not yet established a standard by which to measure whether a defendant has rebutted the presumption of detention. Most circuits that have considered the issue, however, agree a defendant need only produce "some evidence" that he is not a flight risk or a danger to the community. *See United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); *United States v. Rodriguez*, 950 F.2d 85, 88 (2d Cir. 1991); *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991); *United States v. O'Brien*, 895 F.2d 810, 815 (1st Cir. 1990); *United States v. Diaz*, 777 F.2d 1236, 1238 (7th Cir. 1985); *United States v. Hurtado*, 779 F.2d 1467, 1470 n.4 (11th Cir. 1985); *see also United States v. Moore*, 607 F. Supp. 489, 499 (N.D. Cal. 1985). "Although the presumption shifts a burden of production to the defendant, the burden of persuasion remains with the government." *Hir*, 517 F.3d at 1086.

In this case, Judge Patricco relied on defense counsel's proffer. In his proffer to the Court, Miller stated he is 50 years old, his health situation demands he be free of methamphetamine and he has been clean and sober since August 21, 2025, his significant other does not live in the trailer where he would live, and he is willing to participate in whatever substance abuse treatment is recommended. Following that proffer, Judge

Patricco determined that Miller had met his burden, rebutted the presumption that applies to his case, and the burden shifted to the Government.

A defendant need only produce some evidence to rebut the presumption of detention, and this burden is not "heavy." *United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1986). This Court finds, just as Judge Patricco did, that Miller produced enough testimony to rebut the initial presumption of detention.

**B.     Conditions That Will Reasonably Assure Appearance and Community Safety**

As Miller has rebutted the presumption in favor of detention, the burden of proof now shifts to the Government to show there are no conditions that will reasonably assure Miller's appearance and the safety of the community. As to the first, the Government must show by a preponderance of the evidence that the defendant poses a flight risk. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985); *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1198 (9th Cir. 2019). For danger to the community, the government must prove by clear and convincing evidence that the defendant poses such a danger. *Rodriguez v. Robbins*, 804 F.3d 1060, 1077 (9th Cir. 2015) and *United States v. Gebro*, 948 F.2d 1118, 1121 (9th Cir. 1991). The risk of non-appearance seems to be a non-issue in this matter, as Judge Patricco ruled at the hearing that there are conditions that could be imposed to ensure that Miller does not flee. The Court has no reason to disagree with Judge Patricco on that point.

Reasonably ensuring the safety of the community is not as straightforward. The Government contends there are no conditions that could be imposed to reduce the risk

Miller poses to the community. Judge Patricco previously determined the Government has met its burden. The Court must now consider the factors set forth in 18 U.S.C. § 3142(g) to determine whether such conditions exist.

1. *The nature and circumstances of the offense charged.*

As discussed above, Miller is charged with one count of conspiracy to distribute controlled substances and one count of distribution of methamphetamine. These charges carry a mandatory minimum of 10 years and up to life imprisonment. The Government proffered Miller has been involved in a drug conspiracy. Law enforcement officers were conducting surveillance on Miller's trailer home and observed a person driving away from the home. *See* Dkt 15-3. The person's vehicle was stopped, and officers recovered approximately 1,500 grams of methamphetamine and a firearm from the vehicle. *Id*. Subsequently, two of Miller's co-conspirators began cooperating with the Government and provided information that Miller was their source for a large quantity of methamphetamine that was being trafficked between Eastern Washington and Montana, via Idaho. *Id*. at 4.

In short, the nature and circumstances of the offense weigh in favor of detention, as such large-scale distribution of methamphetamine poses a serious danger to the community.

2. *The weight of the evidence against the person.*

This case is relatively new. Discovery is still ongoing. However, the grand jury found probable cause to issue the Indictment in this case. As just outlined, the investigation into Miller resulted in approximately 1,500 grams of methamphetamine being seized and two co-conspirators cooperating with the Government. While the Court gives this factor

the least amount of weight, it still weighs strongly in favor of detention because the evidence is straightforward and corroborated.

    3. *The history and characteristics of the person*

Miller is 50 years old and a lifelong resident of the Spokane Valley, Washington area. He has two adult siblings who live nearby that he maintains a relationship with. He is unemployed but does receive approximately $1,360 per month in Social Security disability income as well as $65 a month for food stamps. He suffers from COPD, asthma, respiratory failure, heart failure, back issues, and PTSD. He is currently taking medication to address these issues and uses oxygen when he is in the community. He has been a long-time drug user but has been clean since August of 2025.

As to criminal history, Miller has five felonies, three of which involve drug possession or distribution. However, most of those are dated and, but for a pending charge in 2026 and the case before the undersigned, Miller has stayed out of legal system.

Miller's past, while dated, is still concerning to the Court. Notably, it appears Miller has committed new crimes while on some type of supervision on at least seven occasions. He also has two failures to appear. Miller does not dispute his prior criminal activity or his failures to appear, arguing instead that the incidents are from a long time ago. The Court appreciates the timing issue; however, any instances of non-compliance, new crimes, or failures to appear give the Court pause as each is indicative of how a person follows Court orders. While Miller has strong family ties to the community and some medical issues that weigh in favor of release, Miller's dismal history of following Court orders weighs in favor of detention.

MEMORANDUM DECISION AND ORDER - 7

4. *The nature and seriousness of the danger to any person or the community posed by the defendant's release*

This case involves large quantities of methamphetamine being brought into the community. From the evidence, Miller does not seem to be in the throes of addiction, and imposing a condition of random testing, while important, would not serve as a deterrent.

As for his release plan, the Court shares the same concern as Judge Patricco in that Miller would be returning to the very residence where the alleged drug distribution occurred.

This Court is also concerned that, while Miller contends the woman who previously lived with him would not be living with him should he be released, he has indicated to pretrial services that he would like to have her live there again at some point. This is concerning because it sounds like this woman is in the throes of her own addiction and could potentially bring Miller down or cause him to stumble with his own sobriety. The Court has reviewed these factors and concludes they weigh in favor of detention as well.

## V. CONCLUSION

Having conducted a de novo review of the record in this matter and having considered the parties' arguments at the detention hearing and the parties' briefs on appeal, the Court concludes the Government has met its burden and proved by clear and convincing evidence that Miller poses a danger to the community and that no conditions could be imposed that would reasonably assure that safety at this time. Accordingly, Miller's Notice of Appeal of Order of Detention (Dkt. 18) is DENIED and the Order of Detention (Dkt. 15) shall remain in effect.

## VI. ORDER

IT IS ORDERED that:

1. Defendant Johnny Ray Miller's Notice of Appeal of Order of Detention (Dkt. 18) is **DENIED**.

2. Chief Magistrate Judge Raymond E. Patricco's Order of Detention (Dkt. 15) is **AFFIRMED**.

DATED: February 26, 2026

_____
David C. Nye
U.S. District Court Judge